**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ACUITY, a Mutual Insurance Company,

      Plaintiff,

      v.                          Case No. 2:25-cv-00555-KWR-JHR

LA LUZ CLEANING SERVICE, LLC,
LUZ ESCOBEDO,
ELIZABETH ESCOBEDO,
RICARDO GARZA, and
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S DUTY-TO-INDEMNIFY CLAIM AND DENYING DEFENDANT GARZA'S MOTION</u>

**THIS MATTER** comes before the Court on Defendant Ricardo Garza's Motion to Amend Answer to Complaint for Declaratory Judgment to Add Crossclaim (Doc. 28). Given that liability for the underlying accident has not been established, the Court *sua sponte* dismisses Plaintiff Acuity's unripe duty-to-indemnify claim. With only the duty-to-defend claim remaining, Defendant Garza's proposed joinder and crossclaims do not arise out of the same transaction or occurrence or relate to the property at issue to support a permissible amendment. Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that Defendant Garza's motion to amend (Doc. 28) is not well-taken, and therefore, is **DENIED**.

### BACKGROUND

Plaintiff seeks a declaration that it does not have a duty to defend or indemnify Defendants La Luz Cleaning Service, LLC, Luz Escobedo, and Elizabeth Escobedo for claims made by Defendant Ricardo Garza resulting from an automobile-pedestrian accident that occurred on

October 11, 2024. Doc. 1 at 1 (Complaint). On December 1, 2025, Defendant Garza made the present motion seeking to join Jessica Garza and amend his answer to include several crossclaims against his codefendants. Doc. 28 at 1–2 (Motion to Amend). Plaintiff opposes the motion. Doc. 32 at 1 (Response). To date, the Court has not been made aware of any underlying state litigation arising out of this accident.

## LEGAL STANDARD

A party may amend its pleadings once as a matter of course 21 days after service or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should grant leave to amend unless "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile." *Cohen v. Longshore*, 621 F.3d 1311, 1314–15 (10th Cir. 2010) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F3d 1012, 1018 (10th Cir. 2013) (quoting *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).

## DISCUSSION

Defendant Garza contends that his proposed joinder and crossclaims arise from the same transaction or occurrence as the present declaratory action, or alternatively, the crossclaims are related to the "property" at issue in this action. Doc. 36 at 2–4. Plaintiff argues that the proposed joinder and crossclaims arise out of the underlying accident and this declaratory action only relates

to the parties' contractual rights under the insurance policy. Doc. 32 at 3. Since Plaintiff's duty-to-indemnify claim is not ripe and must be dismissed, the Court finds the parties' contractual rights under the policy and liability for the car accident are distinct issues that do not qualify as the same transaction or occurrence. The Court addresses ripeness and Defendant Garza's motion to amend in turn.

## I.   **Plaintiff's duty-to-indemnify claim is not ripe.**

Plaintiff seeks a declaration that it does not owe a "duty to defend or indemnify" Defendants La Luz Cleaning, Luz Escobedo, or Elizabeth Escobedo. Doc. 1 at 1. The duty to defend and the duty to indemnify are separate inquiries that may ripen for adjudication at different points. Given that liability for the underlying accident has not yet been established and cannot yet be determined off the face of a complaint, Plaintiff's duty-to-indemnify claim is not ripe.

"Ripeness doctrine addresses a timing question: when in time is it appropriate for a court to take up the asserted claim." *ACORN v. City of Tulsa*, 835 F.2d 735, 738 (10th Cir. 1987). The doctrine "aims to prevent courts from entangling themselves in abstract disagreements by avoiding premature adjudication." *Awad v. Ziriax*, 670 F.3d 1111, 1124 (10th Cir. 2012) (citation modified). A claim is not ripe if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). In determining ripeness, courts evaluate (1) "the fitness of the issue for judicial resolution" and (2) "the hardship to the parties of withholding judicial consideration." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).

Given that this is a diversity action, New Mexico substantive law applies when determining whether a duty to defend or indemnify exists. *See Farmers All. Mut. Ins. Co. v. Bakke*, 619 F.2d 885, 888 (10th Cir. 1980) ("It is axiomatic that the substantive law of the State of New Mexico

applies with respect to the issues involved in [a] federal declaratory relief action predicated upon complete diversity of citizenship, and requisite amount in controversy."). Under New Mexico law, the duty to defend is independent of the duty to insure. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 985 (10th Cir. 1994); *Found. Rsrv. Ins. Co. v. Mullenix*, 1982-NMSC-038, ¶ 6, 97 N.M. 618, 642 P.2d 604. The duty-to-defend issue is determined by the allegations of the injured party's complaint. *Mhoon*, 31 F.3d at 985. Thus, the insurer may avoid its duty to defend when the complaint's allegations "fall outside the scope" of the insurance policy. *Id.* While the duty to defend is determined by the complaint's allegations and the text of the insurance policy, the duty to indemnify is determined "by the actual underlying facts of the transaction." *Id.*

The duty to indemnify "relies on the actual underlying facts, which often requires the resolution of material facts." *Kinsale Ins. Co. v. Trucking & Contracting Servs., LLC*, No. 2:25-cv-00799-KWR-GBW, 2026 WL 1431067, at *5 (D.N.M. May 21, 2026) (citation modified) (citing *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 31, 146 N.M. 717, 213 P.3d 1146). However, a court may properly decide a duty-to-indemnify claim if allegations in a complaint "clearly fall outside the provisions of the policies." *Id.* (citing *Bernalillo Cnty. Deputy Sheriffs Ass'n v. Cnty. Of Bernalillo*, 1992-NMSC-065, ¶ 4, 114 N.M. 695, 845 P.2d 789.) "Since the question of ripeness relates to the subject matter jurisdiction of the federal courts," the Court may "consider it *sua sponte*." *See United States v. Wilson*, 244 F.3d 1208, 1213 n.1 (10th Cir. 2001).

Here, Plaintiff seeks a declaration on its duties to defend and indemnify. Doc. 1 at 1. Since liability for the accident has not yet been determined and cannot be established off the face of a complaint, the issue of determining whether Plaintiff has a duty to indemnify is not presently fit for judicial review. *See BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 31 (finding a duty-

to-indemnify claim not properly before the court when the claim "require[d] the resolution of material facts by the district court."); *Bernalillo Cnty. Deputy Sheriffs Ass'n v. Cnty. of Bernalillo*, 1992-NMSC-065, ¶ 4, 114 N.M. 695, 845 P.2d 789 ("If the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required."). Very little, if any, hardship will befall the parties given that liability for the accident has neither been put at issue in an underlying complaint nor decided. Based on the record, it appears that the injured party has not yet filed suit. As such, Plaintiff's duty-to-indemnify claim is not ripe. Therefore, the Court dismisses Plaintiff's duty-to-indemnify claim without prejudice.[1] *See Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1163 (10th Cir. 2007) (directing district court to dismiss an unripe claim without prejudice).

## II. <u>**Defendant Garza's proposed crossclaims are impermissible.**</u>

Defendant Garza wishes to amend his answer to include the following crossclaims against his codefendants: (1) negligence; (2) negligent hiring, supervision, or retention; and (3) respondeat superior or vicarious liability. Doc. 28 at 1. Plaintiff argues that this proposed amendment should be denied because the crossclaims are impermissible given that they do not arise from the same transaction or occurrence as this declaratory action. Doc. 32 at 6. The Court agrees.

Federal Rule of Civil Procedure ("Rule") 13(g) provides that:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that

---

[1] Although it does not appear that an underlying lawsuit has been filed, the duty-to-defend claim remains ripe given that a "duty may arise if the insurer is notified of factual contentions or if the insurer could have discovered facts, through reasonable investigation, implicating a duty to defend." *Dove v. State Farm Fire & Cas. Co.*, 2017-NMCA-051, ¶ 11, 399 P.3d 400. Here, it appears Plaintiff has been made aware of the crash involving Defendants which implicates its duty to defend.

the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

Plaintiff's duty-to-defend claim can be determined "by comparing the factual allegations in the complaint with the insurance policy." *Lopez v. N.M. Pub. Sch. Ins. Auth.*, 1994-NMSC-017, ¶ 8, 117 N.M. 207, 870 P.2d 745. But Defendant Garza's requested crossclaims require the resolution of different material facts—or an underlying complaint. *See BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 31 (finding a duty-to-indemnify claim not properly before the court when the claim "require[d] the resolution of material facts by the district court."); *Bernalillo Cnty. Deputy Sheriffs Ass'n*, 1992-NMSC-065, ¶ 4, ("If the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required."). Liability in the underlying accident is a distinct inquiry under New Mexico law and requires the development of facts distinct from those required in deciding the duty-to-defend claim. *See Found. Rsrv. Ins. Co.*, 1982-NMSC-038, ¶ 6.

Although the question of whether an insurer has a duty to defend an insured involved in a car accident and the question of whether the insured is liable for the car accident are related, they do not arise from the same transaction or occurrence as required by Rule 13(g). "[G]eneral relevancy between the original action and the cross-claim is not enough to satisfy Rule 13(g)." *Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1, 5 (W.D. Okla. 1978). Contrary to Defendant Garza's argument, determining the narrow issue of Plaintiff's duty to defend does not involve identical or substantially similar evidence that is needed to determine Defendant Garza's proposed crossclaims. *See Mount Vernon Fire Ins. Co. v. A.S. Constr., Inc.*, No. 05-cv-3190(ARR)(KAM), 2007 WL 2275242, at *3 (E.D.N.Y. Aug. 7, 2007) ("Where the injured party's claim of negligence involves a factual investigation unrelated to the insurance dispute in the main action, the asserted cross-claim has been held to arise out of a distinct transaction or occurrence and thus lies beyond

the scope of Rule 13(g)."); *see also St. Paul Fire & Marine Ins. Co., v. Mannie*, 91 F.R.D. 219, 221 (D.N.D. 1981) ("The terms of the policy and their application to a given set of facts is a question entirely separate from the question of [the insured's] alleged negligence in allowing [the injured party] to ride his horse."). Thus, Defendant Garza's requested crossclaims do not fall under the same transaction or occurrence as required by Rule 13(g).[2]

Defendant Garza also contends that his proposed crossclaims relate to the "property that is the subject matter of the original action." Doc. 36 at 2–3. Defendant Garza claims that "the right to indemnification under the Acuity policy is unquestionably the 'property that is the subject matter of the original action' here."[3] *Id.* at 2. Not so. Given that the only claim that appears to be ripe is Plaintiff's duty-to-defend claim, the right to indemnification—even if it can be construed as "property" for the Rule 13(g) purposes—is not at issue here. The 1946 advisory committee note that Defendant Garza points to does not demonstrate that an insurance policy should be treated as "property" that forms a sufficient basis for a crossclaim under Rule 13(g). That note specifically states that the property clause is meant to apply in "a situation such as where a second mortgagee is made defendant in a foreclosure proceeding and wishes to file a cross-complaint against the mortgagor in order to secure a personal judgment for the indebtedness and foreclose his lien." Fed. R. Civ. P. 13(g), advisory committee's note to 1946 amendment. This note limits the definition of

---

[2] Defendant Garza also argues that this declaratory action necessarily involves his claims because Plaintiff named him as a defendant in the declaratory judgment action. Doc. 36 at 4. The Supreme Court has stated that naming the injured party in a declaratory judgment action against the insured and injured party is proper to avoid inconsistent judgments between state and federal courts. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941). However, naming Defendant Garza in this action to determine the parties' contractual rights under an insurance policy does not automatically mean the underlying accident is the same transaction or occurrence giving rise to Defendant Garza's claims against his codefendants.

[3] Defendant Garza has not provided any case law demonstrating that a court has treated an insurance policy as "property" that provides a sufficient basis for Rule 13(g) crossclaims.

"property" to real property, and Defendant Garza fails to cite any case law justifying this expansion of Rule 13(g)'s property clause. Thus, the Court finds that Defendant Garza's proposed crossclaims do not sufficient relate to the "property" at issue in the present declaratory action.

Accordingly, the Court denies Defendant Garza's request to amend his answer to include crossclaims because the crossclaims do not arise out of the same transaction or occurrence as the original action.

**III.    <u>Defendant Garza's request to join Jessica Garza is impermissible.</u>**

Defendant Garza also seeks to join Jessica Gaza as a cross-plaintiff under Rule 20(a)(1). Doc. 28 at 2. Plaintiff contends that joinder should be denied for the same reasons as the crossclaims. Doc. 32 at 7. The Court agrees.

Under Rule 20(a)(1), a person may join as a plaintiff if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)–(B).

Here, Jessica Garza's joinder and claim of loss of consortium do not arise under the same transaction or occurrence as the original action. The duty-to-defend claim concerns Plaintiff's obligations under the insurance policy with Defendants La Luz Cleaning, Luz Escobedo, and Elizabeth Escobedo. *See* Doc. 1 at 1. The duty to defend does not turn on the liability of the parties involved in the crash. *See Bernalillo Cnty. Deputy Sheriffs Ass'n*, 1992-NMSC-065, ¶ 4 (explaining that the duty to defend "arises out of the nature of the allegations in the complaint"). Thus, the Court denies Defendant Garza's request to join Jessica Garza pursuant to Rule 20(a)(1).

## CONCLUSION

In sum, the Court *sua sponte* dismisses Plaintiff's duty-to-indemnify claim without prejudice. The duty-to-indemnify claim is not ripe for adjudication. Only Plaintiff's duty-to-defend claim remains. The Court denies Defendant Garza's request to amend his answer to include crossclaims and join Jessica Garza because the proposed amendments do not arise out of the same transaction or occurrence as the declaratory action. Thus, the amendment would be futile because the proposed crossclaims and joinder are impermissible.

**IT IS THEREFORE ORDERED** that Defendant Garza's Motion to Amend to Complaint for Declaratory Judgment to Add Crossclaim (Doc. 28) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff Acuity's duty-to-indemnify claim is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

      _____/S/_____
      KEA W. RIGGS
      UNITED STATES DISTRICT JUDGE